PONDER, Judge.
Defendant appealed from the judgment granting plaintiffs a preliminary injunction prohibiting defendant from executing on a judgment and awarding attorney’s fees for the wrongful issuance of a writ of fieri facias.
Appellant listed six specifications of error, five of which dealt with the issuance of the preliminary injunction and one with the award of attorney’s fees.
We dismiss as moot the appeal in part and affirm the remainder.
Daniel D. Brouillette and David F. Sehne-belen sued Consolidated Construction and its insurer for damages resulting from alleged breaches of three construction contracts. Defendant Consolidated reconvened against plaintiffs for the balance due on the contracts. Judgment was rendered by the trial court on June 8, 1981, awarding plaintiffs a sum of money on the main demand and also awarding defendant a lesser amount on its reconventional demand. On June 23, 1981, defendant filed a motion for a suspensive appeal and posted bond. On September 25, 1981, defendant filed a writ of fieri facias and petition for garnishment to execute on the judgment in its favor. Plaintiffs then filed a motion for a temporary restraining order and other injunctive relief on October 22,1981, alleging that the writ of fieri facias had wrongfully issued because the delays for a suspensive appeal had not run and because of the effects of compensation. The temporary restraining order was granted that date. On October 27, 1981, defendant filed a motion to dissolve the order together with exceptions regarding subject matter jurisdiction, prematurity and improper use of summary proceedings. On October 29, 1981, plaintiffs filed an answer to the defendant’s appeal and a motion for setting of suspensive appeal bond. A hearing was held that date and the preliminary injunction was granted and the exceptions denied. The trial judge determined that the writ of fieri facias wrongfully issued because plaintiffs’ answer to defendant’s appeal extended the delays for their own suspensive appeal. He did not determine the issue of compensation. Plaintiffs were also awarded $250.00 in attorney’s fees for the wrongful issuance of the writ.
The issue of the propriety of the preliminary injunction is moot. The Supreme Court on September 7, 1982, on Consolidated’s application for writs of certiorari or review, proceeding No. 82-C-145, issued the following order: “Granted. Injunction against execution of judgment is ordered dismissed.”
This court decided on a motion to dismiss that the answer to the appeal filed after elapse of the time for a suspensive appeal did not constitute a suspensive appeal. On the merits this court decided that compensation took effect by operation of the law, extinguishing the amount awarded to defendant. The writ of fieri facias was therefore wrongfully issued because of this compensation, not because of any suspen-sive effect of the answer to the appeal.
Attorney’s fees are an element of damage for the wrongful issuance of a writ of fieri facias.[1] The trial court’s award of $250.00 does not amount to manifest error.
For the above reasons, insofar as it involved the preliminary injunction, defendant’s appeal is dismissed as being moot, and the remaining portion is affirmed. The *281 costs of this appeal are to be paid by the defendant.
APPEAL DISMISSED IN PART AND AFFIRMED IN PART.

. The last paragraph of LSA-C.C.P. Art. 2298 provides:
“In the event injunctive relief is granted to the judgment debtor or third party claiming ownership of the seized property, if the court finds the seizure to be wrongful, it may allow damages. Attorney’s fees for the services rendered in connection with the injunction may be included as an element of the damages.”